## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Stacy Lawton Guin,<br>individually and as representative<br>of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>Brazos Higher Education Service<br>Corporation, Inc., and<br>Affiliated Computer Services, Inc.,<br>d.b.a. ACS,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil File No. 05-CV-668 RHK/JSM<br><br><br><br><br><br>**DEFENDANTS'<br>ANSWER** |

Defendant Brazos Higher Education Service Corporation, Inc. (hereinafter "Brazos"), and Defendant Affiliated Computer Services, Inc. d.b.a. ACS (hereinafter "ACS"), for their Answer to the Complaint, state and allege as follows:

### I.  PARTIES

1.      Defendants admit the allegations in Paragraph 1 of the Complaint.

2.      Defendants admit the allegations in Paragraph 2 of the Complaint to the extent they allege that Defendant Brazos is a corporation organized under the laws of the State of Texas that has its principal place of business in the State of Texas.

3.      Defendants admit the allegations in Paragraph 3 of the Complaint to the extent they allege that Defendant ACS is incorporated under the laws of the State of Delaware.

Defendant ACS affirmatively alleges that it has its principal place of business in the State of Texas.

## II.  RESPONSES TO FACTUAL ALLEGATIONS

4.      Defendants admit the allegations in Paragraph 4 of the Complaint to the extent they allege that Defendant Brazos and Defendant ACS service student loans by which Plaintiff has borrowed money from companies other than Defendants.

5.      Defendants admit the allegations in Paragraph 5 of the Complaint to the extent they allege that Defendants had access to information relating to Plaintiff.  Defendants lack sufficient information to either admit or deny the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations in Paragraph 6 of the Complaint to the extent they allege that Defendants owe Plaintiff certain unspecified duties, according to law. Defendants deny the allegations in Paragraph 6 of the Complaint to the extent they allege that Defendants had common law, contractual, and/or fiduciary duties that exceed Defendants' conduct with respect to Plaintiff.

7.      Defendants lack sufficient information to either admit or deny the allegations in Paragraph 7 of the Complaint.

8.      Defendants deny the allegations in Paragraph 8 of the Complaint.  Defendants affirmatively allege that they do not possess information sufficient to support a finding that information relating to Plaintiff actually was accessed by an unauthorized third party. Defendants sent Plaintiff the letter that is attached to the Complaint as Exhibit A because information relating to Plaintiff *may* have been accessible to an unauthorized third party and, if accessible, *may* have been accessed by an unauthorized third party.  Information relating to

Plaintiff may have been accessible to, and may have been accessed by, an unauthorized third party because of the unforeseeable criminal conduct of an unknown person, who burglarized the home of a Brazos employee and stole the employee's company-issued laptop computer. Defendant Brazos conducted a thorough investigation of the crime and attempted to locate and retrieve the stolen laptop computer.  Defendants sent Plaintiff the letter that is attached to the Complaint as Exhibit A due to uncertainty as to whether any particular borrower's information was or was not stored on the hard drive of the laptop computer issued to the Brazos employee whose home was burglarized.  To date, Defendants are unaware of any particular incident in which a person whose loan was serviced by Defendants actually has been the victim of identity theft or actually has sustained any tangible loss because of the theft of the Brazos employee's laptop computer.

9.    Defendants deny the allegations in Paragraph 9 of the Complaint.  Defendants affirmatively allege that, as required by federal law, Defendants gave Plaintiff written notice, upon the commencement of his student loan and annually thereafter, that "nonpublic personal information" may, consistent with federal law, be shared with certain non-affiliated third parties. Defendants likewise gave notice to other persons within the putative class in accordance with applicable state laws.  Defendants further affirmatively allege that, prior to the unforeseeable criminal conduct described in Paragraph 8 of this Answer, Defendants did not know that any information relating to Plaintiff or any other borrower might be accessible to an unauthorized third party through the means described in Paragraph 8 of this Answer.

10.    Defendants deny the allegations in Paragraph 10 of the Complaint to the extent they allege that a "loss of their confidential data" actually occurred and to the extent that they

characterize the letter as an "admission."  Defendants admit the remaining allegations in Paragraph 10 of the Complaint.

11.     Defendants admit the allegations in Paragraph 11 of the Complaint to the extent they allege that Defendants sent a letter similar to Exhibit A to all persons whose information might possibly have been stored on the hard drive of the stolen laptop computer described in Paragraph 8 of this Answer.  Defendants deny the allegations in Paragraph 10 of the Complaint to the extent they allege that a "loss of their confidential data" actually occurred and, furthermore, deny the remaining allegations in Paragraph 11 of the Complaint.

12.     Defendants admit the allegations in Paragraph 12 of the Complaint to the extent they allege that Plaintiff Stacy Lawton Guin called a telephone number that was provided in Exhibit A.  Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations in Paragraph 14 of the Complaint.

### III.  RESPONSES TO CLASS ACTION ALLEGATIONS

15.     Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     Defendants admit that this action originally was brought pursuant to Rule 23 of the Minnesota Rules of Civil Procedure.  Defendants affirmatively allege that, following removal of this case to the United States District Court of the District of Minnesota on April 1, 2005, the action is governed by Rule 23 of the Federal Rules of Civil Procedure.  Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

## IV.  RESPONSES TO CAUSES OF ACTION

### Count I -- Breach of Contract

22.     Paragraph 22 of the Complaint does not require a response.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

### Count II -- Breach of Fiduciary Duty

26.     Paragraph 26 of the Complaint does not require a response.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

### Count III -- Negligence

30.     Paragraph 30 of the Complaint does not require a response.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

### AFFIRMATIVE DEFENSES

34.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

35.     Plaintiff's claims and/or the claims of other members of the putative class are
barred, in whole or in part, by the applicable statute of limitations.

36.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, by a lack of consideration.

37.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, by a lack of privity.

38.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, by the statute of frauds.

39.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, by the doctrine of waiver.

40.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, by the doctrine of estoppel.

41.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, by the doctrine of consent.

42.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, by the doctrine of privilege.

43.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, by the doctrine of accord and satisfaction.

44.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, because Defendants exercised reasonable care to prevent and to promptly correct any disclosure of information relating to Plaintiff and other members of the putative class.

45.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, because the alleged injuries sustained by Plaintiff and other members of the putative class were caused by those persons' own acts or omissions.

46.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, because of the acts of a third party or third parties over whom Defendants had no control and for whose acts Defendants are not responsible.

47.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, by the doctrine of assumption of risk.

48.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, by a failure to exhaust administrative remedies.

49.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, by the parol evidence rule.

50.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, because they are preempted by federal law.

51.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, because Plaintiff and other members of the putative class have not sustained any injuries.

52.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, because, in the absence of any constitutionally recognized injuries, there is no case or controversy and, thus, the claims are not justiciable.

53.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, because Plaintiff and other members of the putative class have mitigated their damages.

54.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, because Plaintiff and other members of the putative class have failed to mitigate their damages.

55.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, because Defendants are entitled to a set-off against any damages that may be assessed against them due to benefits Defendants conferred upon Plaintiff and other members of the putative class.

56.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, by the doctrine of election of remedies.

57.     Plaintiff's claims and/or the claims of other members of the putative class are barred, in whole or in part, by all other affirmative defenses permitted by law, including those contemplated by Rule 8(c) of the Federal Rules of Civil Procedure, which cannot be ascertained at this time without the benefit of investigation and discovery.  Defendants reserve the right to assert such defenses at the appropriate time, as necessary.

## V.  PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's request for class certification, enter judgment in favor of Defendants and against Plaintiff, dismiss Plaintiff's claims with prejudice, award Defendants their costs and disbursements, and award Defendants such other and further relief as this Court deems just and proper.


DATE:  April 5, 2005                    HALLELAND LEWIS NILAN & JOHNSON P.A.


                                        By: s/ Matthew E. Johnson
                                            Matthew E. Johnson        Reg. No. 235945
                                            Courtney Rogers Reid      Reg. No. 323317
                                            600 U.S. Bank Plaza South
                                            220 South Sixth Street
                                            Minneapolis, Minnesota 55402
                                            (612) 338-1838

DN 249 924                              ATTORNEYS FOR DEFENDANTS